UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOAQUIN CONTRERAS-AVALOS,<br><br>　　　　　　　　　　　Defendant. | Case No.: 22-mj-4180-DDL<br><br>**ORDER DENYING MOTION FOR BOND RECONSIDERATION**<br><br>**[Dkt. No. 25]** |

# I.

# INTRODUCTION

Defendant Joaquin Contreras-Avalos moves to reconsider the order of detention previously issued by the Court. He argues the Court should set conditions of release because he has strong family ties to the Eastern District of California, and his family is willing to secure a personal appearance bond with their family home. Although these family ties weigh in favor of setting conditions of release, the Court concludes that the other 18 U.S.C. § 3142(g) factors weigh in favor of detention and that plaintiff United States of America has met its burden to establish by a preponderance of the evidence that there is no combination of conditions that will reasonably assure Mr. Contreras-Avalos's appearance as required.

///

## II.

## BACKGROUND

Mr. Contreras-Avalos is charged with attempted entry after deportation, in violation of 8 U.S.C. § 1326. Dkt. No. 1. The Complaint alleges that Mr. Contreras-Avalos is a citizen of Mexico with no legal right to enter the United States. On November 15, 2022, Customs and Border Protection officers arrested Mr. Contreras-Avalos at the San Ysidro Port of Entry as he attempted to enter the United States hidden in the trunk of a car.

According to the Rap Sheet Summary Chart attached to the Complaint, Mr. Contreras-Avalos sustained eight felony convictions and five misdemeanor convictions from 1985 to 2010. His convictions include burglaries, DUIs, petty theft, being under the influence of a controlled substance, obstructing a public officer and drug trafficking. His criminal history also includes two felony immigration convictions.[1]

Mr. Contreras-Avalos has been removed from the United States on eight prior occasions, most recently in March 2014 after serving a sentence for an immigration conviction. Defense counsel proffered that Mr. Contreras-Avalos remained in Mexico for over eight years from March 2014 until his arrest in November 2022.

On November 16, 2022, the Court granted the United States' motion for detention after holding a hearing and finding there was no combination of conditions of release that would reasonably assure Mr. Contreras-Avalos's appearance as required. Mr. Contreras-

---

[1] Mr. Contreras-Avalos sustained a federal conviction for failure to appear in 2005, for which he was sentenced to 12 months' custody. On December 7, 2022, Mr. Contreras-Avalos submitted supplemental briefing, including the Eastern District of California dockets in Case Nos. 05-CR-299-OWW and 01-CR-5414-OWW and a portion of his rap sheet, which suggests he was in custody serving a sentence for a DUI conviction when he failed to appear in federal court on February 28, 2005. Defense counsel asserts that Mr. Contreras-Avalos "should not have pled guilty to the [failure to appear] charge and was evidently misadvised by his former counsel." The Court will assume that Mr. Contreras-Avalos did not willfully fail to appear in federal court for purposes of the § 3142 analysis; however, this sequence of events is nevertheless relevant because it shows that Mr. Contreras-Avalos committed a crime while on release in Case No. 01-CR-5414-OWW.

Avalos moved for reconsideration and provided additional information about real property owned by family members. The United States opposed the motion, and the Court held a further hearing on December 6, 2022.

## III.

## DISCUSSION

"Under the Bail Reform Act, pretrial detention is permitted only if a judicial officer determines that there is no condition of release, or combination of conditions, which would reasonably assure the appearance of the defendant and the safety of the community." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th Cir. 2019). "On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015).

In assessing whether a defendant poses a flight risk, the Court must "conduct an individualized evaluation that is guided by the factors articulated at 18 U.S.C. § 3142(g)." *Diaz-Hernandez*, 943 F.3d at 1199. Those factors "include the history and characteristics of the defendant, the weight of evidence, and the nature and circumstances of the offense charged." *Id.* at 1198. "Alienage may be taken into account, but it is not determinative." *Santos-Flores*, 794 F.3d at 1090. However, "[a] defendant's immigration detainer is not a factor in this analysis, whether as evidence for or against a finding that the defendant poses a risk of nonappearance." *Diaz-Hernandez*, 943 F.3d at 1199.

**A.    Nature and Circumstances of the Offense**

The Complaint alleges that Mr. Contreras-Avalos is a citizen of Mexico who was previously removed from the United States. On November 15, 2022, he attempted to re-enter the United States concealed in the trunk of a car. The weight of the evidence is strong, but it is the least important factor. *United States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008).

///

///

**B.     History and Characteristics**

Certain aspects of Mr. Contreras-Avalos's history and characteristics weigh in favor of setting conditions of release. He has strong family ties to the Eastern District of California. His father and sister are willing to secure a bond with their family home in Selma, CA, that, according to Zillow, is valued at $168,700 and is paid off in full. He also enjoys family support, as evidenced by the fact that his wife and daughter attended the motion hearing on December 6, 2022.

Other aspects of Mr. Contreras-Avalos's history and characteristics favor detention. As noted above, Mr. Contreras-Avalos sustained eight felony convictions and five misdemeanor convictions from 1985 to 2010. His felony convictions include two burglaries, driving under the influence with priors, petty theft with priors, a federal conviction for importation of marijuana and two immigration convictions under 8 U.S.C. §§ 1325 and 1326. The misdemeanors include two convictions for being under the influence of a controlled substance and another driving under the influence.

Mr. Contreras-Avalos's criminal and immigration history evidences a persistent disregard for the law. *See, e.g., United States v. Araujo-Salas*, No. 19MJ4179-WQH, 2019 WL 4963012, at *2 (S.D. Cal. Oct. 8, 2019) (affirming detention order based, in part, on the defendant's "serious and lengthy criminal history" showing that he "consistently failed to comply with the law and the orders of the court"). In addition, the convictions for driving under the influence and being under the influence of a controlled substance suggest that Mr. Contreras-Avalos struggles with substance abuse.

As noted above, the Court elects not to consider the failure to appear conviction in the Eastern District of California given the circumstances suggesting that the failure to appear in federal court was not volitional because Mr. Contreras-Avalos was in state custody at the time (notwithstanding his guilty plea to the federal failure to appear charge). But these same circumstances indicate that Mr. Contreras-Avalos engaged in criminal conduct while on release in Case No. 01-CR-5414-OWW.

///

   The docket in Case No. 01-CR-5414-OWW indicates that Mr. Contreras-Avalos pled guilty to misdemeanor and felony violations of 8 U.S.C. § 1325. In January 2002, he was sentenced to 30 months' custody and 12 months' supervised release. In September 2003, the District Court granted the United States' motion to reduce the sentence to 15 months' custody. Thereafter, in September 2004, the docket indicates that Mr. Contreras-Avalos was arrested on a warrant issued following the filing of a petition alleging that he violated the conditions of his supervised release (although the docket does not indicate the alleged violation). Mr. Contreras-Avalos was released from custody in October 2004, and the hearing on his supervised release violation was continued to February 2005. Mr. Contreras-Avalos did not appear for that hearing. Assuming the defense is correct that Mr. Contreras-Avalos did not intentionally fail to appear because he was in state custody, the fact remains that Mr. Contreras-Avalos committed the crime of driving under the influence while on federal release. In addition to Mr. Contreras-Avalos's lengthy criminal history, his failure to comply with prior conditions of release weighs in favor of detention.

   The record indicates that Mr. Contreras-Avalos is a citizen of Mexico with no ability to lawfully remain in the United States. It is a virtual certainty that he will be removed to Mexico at the conclusion of the case. As such, he has a strong incentive to abscond to avoid removal. *Araujo-Salas*, 2019 WL 4963012, at *2 ("Defendant has a motive not to appear in order to avoid a significant period of incarceration, if convicted after trial, and the likelihood of removal.").

## IV.
## CONCLUSION

   For all the foregoing reasons, the Court concludes that the United States has met its burden to establish by a preponderance of the evidence that there is no combination of conditions that will reasonably assure Mr. Contreras-Avalos's appearance as required. *Cf. Santos-Flores*, 794 F.3d at 1092-93 (affirming detention order in § 1326 case where defendant had family and employment ties to State of Colorado – "These community ties

///

favor Santos-Flores, but they do not overcome the numerous other factors that supported the district court's determination that he was a voluntary flight risk.").

The Court DENIES the Motion for Bond Reconsideration.

**IT IS SO ORDERED**.

Dated:  December 13, 2022

_____
Honorable David D. Leshner
United States Magistrate Judge